Nellie S. Francis                    :

v.                    :

Dr. James A. Gallo et al.            :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Nellie S. Francis          :

v.                  :

Dr. James A. Gallo et al.         :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Nellie S. Francis, appeals from the entry

of summary judgment in favor of the defendants, Dr. James A. Gallo and West Bay Psychiatry

Associations, Ltd. (West Bay).

This case came before the Supreme Court for oral argument pursuant to an order

directing the parties to show cause why the issues raised in this appeal should not be summarily

decided.  After considering the record and the memoranda submitted to this Court on behalf of

the parties, we are of the opinion that cause has not been shown and that the appeal may be

resolved without further briefing.[1]  For the reasons set forth in this opinion, we affirm the

Superior Court's grant of summary judgment.

---

[1]     There were no oral arguments for the Court to consider in this case.  Ms. Francis, a pro se
litigant, did not appear at the show cause hearing, and the defendants opted to rest on the
memorandum that had been filed on their behalf.  After failing to appear at oral argument, Ms.
Francis filed a motion to reschedule the show cause hearing.  We deemed that motion to be
without merit.

# I

## Facts and Travel

Doctor Gallo, a licensed psychiatrist, treated Ms. Francis at West Bay in 2003 and 2004. On October 6, 2008, Ms. Francis filed a complaint with the Superior Court naming Dr. Gallo and West Bay as defendants. Her initial complaint contained counts alleging medical malpractice and negligence.

Ms. Francis then filed an amended complaint on April 29, 2009. That amended complaint included claims for slander; the alleged slanderous remarks were uttered in two separate proceedings. The first alleged slander of Ms. Francis by Dr. Gallo occurred when Dr. Gallo's deposition was taken on June 29, 2004 in connection with Ms. Francis's case before the Workers' Compensation Court (WCC). The second alleged slander occurred on December 7, 2007, when Dr. Gallo testified before the Rhode Island Department of Education (RIDE), having been called as a witness by Ms. Francis at a hearing concerning her alleged wrongful termination from her teaching position.

On June 26, 2009, the Superior Court entered an order granting defendants' motion to dismiss Ms. Francis's "claims for medical malpractice and/or negligence against Defendants for treatment rendered to Plaintiff in 2003 and 2004." The claims for slander, however, remained. The defendants then filed a motion for summary judgment and an accompanying memorandum of law on April 5, 2010. They contended, inter alia, that the claims based on Dr. Gallo's WCC testimony were barred by the pertinent statute of limitations, G.L. 1956 § 9-1-14; they further contended that testimonial privilege immunized Dr. Gallo from any defamation claims based on his statements made in the context of both the WCC and the RIDE proceedings. The motion

justice granted defendants' motion for summary judgment on both of the just-mentioned grounds. Final judgment was entered in Superior Court on October 13, 2010. Ms. Francis filed a timely notice of appeal.

## II

## Standard of Review

We review the grant of a motion for summary judgment in a de novo manner. Hazard v. East Hills, Inc., 45 A.3d 1262, 1268 (R.I. 2012). We apply the same standards and rules as did the motion justice. Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 258 (R.I. 2011). We have often reiterated the principle that "[s]ummary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001).

## III

## Analysis

Applying these just-summarized principles to this case, we conclude that the motion justice properly granted summary judgment in defendants' favor. Ms. Francis's claim for slander based on Dr. Gallo's WCC deposition testimony was barred by the statute of limitations. Section 9-1-14(a) provides that "[a]ctions for words spoken shall be commenced and sued within one year next after the words spoken, and not after." Doctor Gallo testified at the WCC deposition on June 29, 2004. Ms. Francis then waited well over four years before she brought her claim for slander based on Dr. Gallo's WCC deposition. The motion justice therefore correctly held that the claim was time-barred. See id.

Additionally, neither the WCC deposition nor the RIDE testimony could properly serve as the basis for a slander claim because Dr. Gallo's statements in each instance were non-actionable by virtue of the testimonial privilege. This Court has recognized that, in certain circumstances, "it is more important that witnesses be free from the fear of civil liability for what they say than that a person who has been defamed by their testimony have a remedy." See Ims v. Town of Portsmouth, 32 A.3d 914, 928 (R.I. 2011) (internal quotation marks omitted). To that end, we have held that "statements made in judicial proceedings are privileged, and thus cannot form the basis for a defamation claim." See Western Mass. Blasting Corp. v. Metropolitan Property and Casualty Insurance Co., 783 A.2d 398, 403 n.3 (R.I. 2001); see also Ims, 32 A.3d at 927 (stating that "certain communications in connection with judicial proceedings are immune from suit because they enjoy an absolute privilege"). The privilege extends to testimony provided by a witness in a judicial proceeding.[2] See O'Coin v. Woonsocket Institution Trust Co., 535 A.2d 1263, 1267 (R.I. 1988).

When defining the scope of the testimonial privilege, the term "judicial proceedings" has been held to refer to proceedings broader than those relating to traditional litigation. In this context, judicial proceedings include (1) "all proceedings in which an officer or tribunal exercises judicial functions" and (2) "hearings that are conducted by administrative bodies that

---

[2]   In O'Coin v. Woonsocket Institution Trust Co., 535 A.2d 1263, 1267 (R.I. 1988), we stated that, under a rule adopted by a majority of jurisdictions, the testimonial privilege protects a witness's testimony if the statements are both material and relevant, whereas the minority rule grants "a witness an unconditional privilege regarding testimony given." While in O'Coin, we recognized that a testimonial privilege exists in Rhode Island, we declined to address the scope of that privilege because the testimony at issue in that case was protected under both the broad minority rule and the narrower majority rule. Id. Similarly, since Dr. Gallo's testimony in both proceedings satisfies the more confined majority rule (discussed in footnotes 3 and 4, infra), we again "leave to another day the decision [regarding] which rule is applicable." See id.; cf. Grady v. Narragansett Electric Co., 962 A.2d 34, 42 n.4 (R.I. 2009) (recognizing this Court's "usual policy of not opining with respect to issues about which we need not opine").

- 4 -

make legal determinations." See Ims, 32 A.3d at 928 (internal quotation marks omitted). The privilege also protects testimony offered in quasi-judicial proceedings. See Western Mass. Blasting Corp., 783 A.2d at 403 n.3 ("We now explicitly hold that, in accordance with the great weight of authority, statements made in quasi-judicial proceedings such as arbitrations shall be privileged against suits for defamation.").

Doctor Gallo's WCC deposition testimony was certainly provided "in connection with judicial proceedings." The WCC is "a court of record with the same authority and power to subpoena and also the same authority and power to cite and punish for civil contempt as exist in the superior court." See G.L. 1956 § 28-30-1(b). Since WCC actions are, without question, "judicial proceedings," Dr. Gallo's deposition testimony in that context cannot properly provide the basis for an actionable slander claim.[3]

Ms. Francis's claim for slander based on Dr. Gallo's RIDE testimony is similarly checkmated by well-recognized legal principles. We have recognized that RIDE hearing officers "schedule hearings, take evidence, consider the law, and participate in the issuance of decisions—all official functions comparable to those performed by a trial judge." See Richardson v. Rhode Island Department of Education, 947 A.2d 253, 258 (R.I. 2008). Doctor Gallo's testimony before the RIDE hearing officer therefore qualifies as having occurred in a

---

[3]    The motion justice properly recognized that Dr. Gallo's WCC testimony "described [Dr. Gallo's] treatment of [Ms. Francis] for stress allegedly caused by her work environment" and was "material, pertinent, and relevant" to the workers' compensation proceedings. The testimony therefore satisfies the narrower majority rule as to the scope of the testimonial privilege. See footnote 2, supra.

"judicial proceeding," and it is accordingly immunized from defamation claims by the testimonial privilege.[4]

We afford witnesses the testimonial privilege in order "to encourage witnesses to come forward and speak freely about civil or criminal matters." See Ims, 32 A.3d at 928. Doctor Gallo did just that; he was called as a witness in both proceedings, and he answered the questions that were posed to him. His statements cannot provide the basis for a defamation action.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment in favor of the defendants. The record in this case may be remanded to the Superior Court.

---

[4] Similar to his analysis of the WCC testimony, the motion justice properly recognized that Dr. Gallo's RIDE testimony was relevant to the wrongful termination hearing, noting that the testimony "contradicted Ms. Francis' assertion that she was medically excused from work." Again, this testimony therefore would be afforded protection under the narrower majority rule for testimonial privilege. See footnote 2, supra.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Nellie S. Francis v. Dr. James A. Gallo et al.

**CASE NO:**        No. 2011-129-Appeal.
(PC 08-6353)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  January 22, 2013

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**        Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Nellie S. Francis, Pro Se

For Defendants:  Elizabeth A. Suever, Esq.